## The Mendota.*

*(District Court, S. D. New York.   October 5 and 23, 1882.)*

1. LIMITATION OF LIABILITY—VESSEL—POSSESSION OF SHERIFF UNDER ATTACHMENT—SURRENDER TO TRUSTEE.

In an action begun in a state court against the owners of a vessel, an attachment against the property of some of them as non-residents was issued, and their shares in the vessel were attached by the sheriff. The cause was then removed by the defendants to the United States circuit court. The owners then began proceedings in the United States district court to limit their liability under

---

*Reported by R. D. & Wyllys Benedict.

Rev. St. §§ 4283-4285, and took the steps required by law to transfer the vessel and freight to a trustee appointed by the district court, and to stay all proceedings and suits against them; but the vessel remained in the possession of the sheriff. On a motion by the owners for an order directing the defendants in the limited-liability proceedings, who were plaintiffs in the state court suit, to order the sheriff to surrender the vessel to the trustee, *held*, that the possession of the vessel by the marshal or trustee is not necessary for the purposes of limited-liability proceedings, where the court has acquired jurisdiction to grant the relief prayed for ; and that the direction asked for was unnecessary and improper at such a stage of the proceedings.

2. SAME—SALE OF PROPERTY TO PREVENT DESTRUCTION.

Thereafter, the trustee, by petition, showed the court that the vessel, if compelled to remain in custody until the termination of the litigation, was likely to be eaten up by custody fees, and her value greatly impaired, if not substantially destroyed, and asked to be allowed to sell the vessel free from any claim of the attaching creditors; the attachment to be transferred to the proceeds of the sale, and to that end that the attaching creditors be directed to co-operate in effecting the sale by surrender of the vessel to him. *Held*, that the court had the power to direct the sale proposed ; that such a sale, if made at that time, would produce no injury to the rights of the defendants, and require no present determination of questions that should be determined at final hearing; and *held*, that in this case a sale was necessary to preserve the property from destruction; and the application of the trustee must be granted.

On May 31, 1882, an action was begun in the New York supreme court, the county of New York being designated as the place of trial, by Messrs. Watjen, Toel & Co., of the city of New York, against the owners of the bark Mendota, to recover $14,892.57 on the following state of facts:

The plaintiffs alleged that in December, 1881, they opened a credit in London with J. Henry Schroeder & Co., bankers, in favor of Alejandro Maderna & Co., merchants at Buenos Ayres and Montevideo, to the extent of £50,000, available against shipments of wool to be made to the plaintiffs at New York, and Schroeder & Co. engaged to accept drafts drawn on them by Maderna & Co. on presentation with bills of lading; that in February, 1882, Maderna & Co. shipped on the Mendota at Montevideo 208 bales of wool, whereupon the master of the bark, at the request of Maderna & Co., signed bills of lading whereby it appeared that 290 bales had been shipped; that upon receiving the bills of lading Maderna & Co. drew under the said credit upon Schroeder & Co. for £10,000, and sold the bill of exchange and bills of lading to the London & River Plate Bank, (Limited;) that Maderna & Co. did not ship the 82 bales, and soon after failed in business and became irresponsible, and that the plaintiffs, in order to procure the shipment of the 82 bales mentioned in the bill of lading which had not been shipped, satisfied the vendor's lien on them and

paid other charges, amounting in all to the amount sued for, and the 82 bales were thereupon shipped and brought to New York and delivered to the plaintiffs; that the bill of exchange was negotiated by Maderna & Co., as stated, and afterwards paid by Schroeder & Co., who were reimbursed by the plaintiffs.

Upon an affidavit containing substantially the above allegations, an attachment was issued to the sheriff of Kings county against the property of the defendants, as non-residents, and the bark Mendota was attached, with the exception of the interest of one of the owners of the vessel, E. A. Houghton, who was a resident of the state of New York. The attachment was afterwards set aside as to the interest of A. A. Whittemore, the master of the bark, he also being a resident of New York state.

On the twenty-first of July the defendants removed the cause to the United States circuit court for the southern district of New York, the plaintiffs being citizens of a foreign state.

Thereupon the owners of the bark began proceedings in the United States district court for the southern district of New York, for the limitation of their liability as such owners, under sections 4283, 4284, and 4285 of the Revised Statutes.

Samuel H. Lyman was appointed trustee in those proceedings, and the owners thereupon paid into his hands the pending freight, and executed a bill of sale of the vessel to him. Upon a certificate to that effect made by the trustee, the court made an order that a monition issue against the firm of Watjen, Toel & Co., and the firm of G. Amsinck & Co., who also had a similar claim, as to which the owners of the vessel sought to limit their liability; and the court also made an order restraining the prosecution of all suits against the owners in respect to any such claims, and especially the suit begun in the state court by Watjen, Toel & Co.

An order was also made that Watjen, Toel & Co. show cause why they should not direct the sheriff to surrender the vessel to the trustee. This motion was not argued until the fourth of October, owing to the illness of Judge BROWN, and then it was heard by BENEDICT, D. J., sitting in the southern district, and during this time the vessel remained in the possession of the sheriff.

The following is the opinion on that motion.

*Benedict, Taft & Benedict,* for the owners of the Mendota and for the trustees.

*Jas. K. Hill, Wing & Shoudy,* for respondents.

BENEDICT, D. J. The libelants' motion for an order directing the defendants to surrender to the trustee appointed herein the libelants' vessel, the bark Mendota, now held by the sheriff of Kings county by virtue of an attachment against the property of the libelants, procured to be issued in an action brought by the defendants against these libelants in a state court, cannot be granted unless this court is prepared to determine in a summary manner, upon a motion, that the liability sought to be enforced by the defendant in the action in the state court is one from which the libelants can be freed by means of this proceeding, and is also prepared in like manner to determine that the institution of this proceeding has the legal effect to terminate finally the action in the state court, and deprive the sheriff of all right to detain the vessel. These two questions are, so far as known, new, and they are of importance. I am unable to see any necessity for their determination in the method proposed. This court, by the appearance of the defendants, the assignment of the libelants' interest in the vessel to the trustee appointed by this court, and the possession of the freight by such trustee, has acquired jurisdiction to grant the relief prayed for by the libelants. The possession of the vessel by the marshal or the trustee is not necessary for the purposes of such a proceeding. The suit can proceed to a hearing under such circumstances as well with the vessel in the possession of the sheriff as with the marshal in possession. When, at such a hearing, the libelants shall have established their right to the relief prayed for, and shall have procured a formal judgment that the action in the state court no longer exists, then it may be proper to insert in the decree a direction that the vessel be surrendered by the defendants to the trustee. At the present time such a direction appears to me to be unnecessary and improper.

The motion is accordingly denied.

An application was thereafter made by the trustee for leave to sell the vessel. The grounds of this application sufficiently appear in the following opinion:

BENEDICT, D. J. In this proceeding, which is instituted by the libelants for the purpose of obtaining a limitation of their liability as owners of the bark Mendota, the trustee appointed by the court now applies to this court to direct that the vessel be sold as perishable. The situation of the vessel is as follows: On the twenty-second day

of July, 1882, the libel was filed, and a monition issued to the marshal to cite and admonish the above-named defendants to appear and answer herein. Thereafter a trustee was appointed by this court, in pursuance of the statute and the general admiralty rules, to whom the libelants transferred all their interest in the vessel and her freight. The trustee obtained possession of the freight, and the defendants have appeared in the action, but the vessel has been withheld from the trustee's possession by the sheriff of the county of Kings, by virtue of an attachment procured to be issued by the above-named defendants in an action at law commenced in a state court, which action has since been removed to the circuit court of this district.

The action at law, instituted by these attaching creditors, is to enforce against the libelants, in this proceeding, a liability from which relief is sought by means of this proceeding, and all further proceedings in that action have been stayed by the order of this court, issued as required by general admiralty rule No. 54.

The attaching creditors, having been made parties defendant in this proceeding and appeared therein, contest the right of the libelants to a limitation of their liability, and claim to be entitled to be allowed to proceed to collect their demand by means of their action at law. The questions which are thus presented to this court are novel, and are likely to involve protracted litigation in this and the appellate courts. The vessel has already been detained since July last in the custody of the sheriff, and, if compelled to remain in custody until the termination of the litigation, is likely to be eaten up by custody fees and her value greatly impaired, if not substantially destroyed. To avoid this destruction of property, the trustee appointed in this proceeding now applies to this court, by petition, for an order directing that the vessel be sold by him, free from any claim of the attaching creditors by virtue of their attachment, and that their claim under that attachment be transferred to the proceeds of such sale, and, to that end, that the attaching creditors be directed to surrender the vessel to the trustee. This petition is one that, in my opinion, should be granted, for the following reasons:

Inasmuch as all further proceedings in the action at law have been stayed, as required by law, no sale of the vessel can be effected by any order in that action. If, therefore, the vessel is to be saved, it must be by some order of this court. The question, then, is whether this court has power to grant such an order as is here prayed for. The attaching creditors, it will be observed, are parties defend-

ant in this proceeding, and having appeared therein, and a transfer of the vessel to a trustee appointed by this court having been duly made, and the trustee having acquired possession of the freight, the jurisdiction of the court to grant the relief prayed for in the libel is complete, whether the proceeding is considered to be a proceeding *in rem* or *in personam*, or both. The possession of the vessel is not necessary to give jurisdiction in cases of this description; as, for instance, where the vessel has been sunk in the sea.

Having acquired jurisdiction of the attaching creditors by their appearance in this proceeding, the court has power, by its final decree, to declare the liability of the libelants to these creditors to be limited to the value of the vessel and her freight; and, also, to direct these creditors, parties defendant, to relinquish their attachment and surrender the vessel to the trustee, in order that she be converted into money, and her value distributed, as required by the statute.

If such may be the final decree of this court, the power to make the order prayed for cannot be denied. The greater includes the less. The question controlling here, therefore, is whether the power to make the order prayed for can be properly exercised at this stage of the controversy. Having the power, it must be the duty of the court to exercise it in a case like this, where a failure so to do will result in the destruction of the vessel, and so render vain not only this proceeding, but the action at law as well; provided no substantial right of the attaching creditors will be affected thereby. It has been impossible for the attaching creditors to point out how injury can come to them by such a sale as proposed. If the vessel be sold in the manner proposed, it will still be open to the attaching creditors to dispute at the final hearing the right of the libelants to a limitation of their liability, and also to assert their right to the proceeds of the vessel by virtue of the attachment, for the proceeds of the sale are to be held subject to any right acquired under the attachment; and neither of these questions is now passed on. The money realized by such a sale will be under the direct control of this court, and therefore available to the attaching creditors in case they succeed in their contention here. No prejudice to the action at law will result by reason of such sale, for, the libelants having appeared in that action, jurisdiction will not be lost by the sale of the vessel, and that action can proceed to judgment, if, by final decree herein, it is determined that the libelants are not entitled to be relieved from the liability sought to be enforced there; and in that event, the proceeds of the vessel can, if desired, be transferred to the credit of the action at law.

Clearly, the order sought not only will not injure the attaching creditors, but will benefit them by preserving for them, it may be, property which otherwise will be destroyed.

It has been said that the statute confers no power upon this court to direct such a sale, nor does it, in express terms. But such power is to be implied, because necessary to the exercise of powers that are expressed. The supreme court of the United States, sitting in admiralty, found in the statute power to restrain the further proceeding of suits against the ship-owner, and the power to stay such proceedings must include the power to save from destruction property which otherwise the stay will destroy. The power to sell the ship rests upon the same ground as the power to protect the owner from suits, namely, the necessity of the case.

Again, it has been said, the order asked for will deprive the sheriff of his possession. But the sheriff's possession is the possession of the attaching creditors for the sake of the attachment, and this attachment is saved by the order proposed. Again, it is said, the trustee should be left to acquire possession of the vessel by means of an action at law in the nature of replevin. To such a course there may be many objections, and it is quite certain that the institution of such a suit would not be likely to save the vessel from the destruction that threatens her. I find, therefore, the existence in this court of the power to direct the sale proposed; that such a sale, if made at this time, will produce no injury to the rights of the defendants, and require no present determination of questions that should be determined at final hearing; and I also find that such a sale is necessary to preserve the property from destruction.

What has been said is sufficient, I think, to show that the present application is substantially different from any of the former applications, and that it cannot be with propriety denied. And I add that it is quite evident that if the result sought to be obtained by means of this application cannot be attained in proceedings of this character, an easy way is offered to render null the statute which the libelants invoke.

The application is accordingly granted. Let the order be settled on notice.